UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WARREN SKILLERN,

Plaintiff,

v.  610CV035

MEDICAL CONTRACTORS, Nurse HOWER, and JANE DOE, Nurse,

Defendants.

## ORDER

On 4/16/10, Inmate-Plaintiff Warren Skillern filed this 42 U.S.C. § 1983 case, alleging that defendants had been deliberately indifferent to his medical condition (heart disease). Doc. # 1. Despite being granted leave to proceed *in forma pauperis* ("IFP"), Skillern filed a motion to dismiss his case. Doc. # 5 ("Motion for Involuntary Dismissal"). His basis for seeking dismissal was his personal prediction that, at some point in the future, prison personnel would not provide him with sufficient materials (i.e., pens and paper) to pursue the case. *Id.* at 1. He stated that he would prefer to dismiss this case and later file a "comprehensive lawsuit" directed at the prison personnel he claims are hindering his access to the courts by providing him inadequate supplies. *Id.*

The Court granted Skillern's request and dismissed his case without prejudice. Doc. # 6. A week later he filed the Notice of Appeal ("NOA") presently before the Court. Doc. # 7. He presents the following "appealable issue[s]": (1) "The district court's failure to address or otherwise rule on [his] complaint that [his] request for dismissal is **involuntary**"; and (2) "[A]s a defendant in two of [his] lawsuits, Judge Edenfield should've [sic] recused [himself] to avoid [the] appearance of partiality." *Id.* (emphasis in original). The Court construes his NOA as an implied motion for leave to proceed IFP on appeal.

The Court need not address the adequacy of Skillern's proposed appellate grounds, however, as his motion for IFP must be denied on another ground. Pursuant to 18 U.S.C. § 1915(g), "In no event shall a prisoner ... appeal a judgment in a civil action or proceeding [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Skillern has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) *Skillern v. Gault*, No. 02-13176-A (11th Cir. 8/27/02) (appeal dismissed as frivolous); (2) *Skillern v. Georgia Dept. of Corrections*, CV202-64 (N.D. Ga. 9/4/02) (dismissed for failing to state a claim); and (3) *Skillern v. Moss*, No. 03-10500-I (11th Cir. 6/3/03) (appeal dismissed as frivolous). Because Skillern has filed three previously dismissed cases or appeals which qualify as strikes under § 1915(g), he cannot proceed IFP on appeal unless his underlying claim meets the "imminent danger of serious physical injury" exception to § 1915(g).

Skillern, however, cannot claim that he meets the "imminent danger" exception. In order to come within the exception, the inmate must be in imminent danger at the time he files suit in the district court, not at the time of the alleged incident that serves as the basis for the complaint. *Medberry v.*

*Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Eleventh Circuit, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed [IFP] pursuant to the imminent danger exception to the statute." *Id.* Here, Skillern's allegations concerned one discrete incident. He did not allege any ongoing deliberate indifference to his medical needs. As a result, the exception to the three-strike rule does not apply.

For the foregoing reasons, Plaintiff Warren Skillern is ***DENIED*** IFP status on appeal.

This day of 1 June 2010.

*B. Avant Edenfield* (signature)
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA